IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DANIEL BROCK, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:16-cv-2147 |
| RECOVERY SYSTEMS, INC., d/b/a PRO-TOW WRECKER SERVICES, | § § § § | JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, JAMES DANIEL BROCK ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against RECOVERY SYSTEMS, INC. d/b/a PRO-TOW WRECKER SERVICES ("Defendant"), showing in support as follows:

### I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven day workweek for the time period he was employed by Defendant within the maximum limitations period allowed by the FLSA.

2. Plaintiff was employed by Defendant as a tow truck operator. His primary work location for Defendant was in Irving, Dallas County, Texas relative handling calls from the Irving Police Department. He primarily towed and delivered motor vehicles to the Irving Police Department impound yard. Defendant paid Plaintiff on a commission basis of approximately

25% of the fee paid relative to each motor vehicle towing project. Plaintiff regularly worked in excess of 40 hours per seven day workweek, but was not paid time and one-half his regular rate of pay for any and all such hours worked over 40.

3. Plaintiff files this lawsuit on behalf of himself and as a FLSA collective action on behalf of all other similarly situated individuals who work/worked for Defendant as tow truck operators, are/were paid on a commission basis, and like Plaintiff, are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek.

4. Plaintiff, on behalf of himself and all others similarly situated, seeks all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest. The relevant time period for this lawsuit is three years preceding the date it was filed and forward.

## II.     THE PARTIES, JURISDICTION AND VENUE

**A.     Plaintiff James Daniel Brock**

4. Plaintiff is a natural person. He has standing to file this lawsuit.

5. Plaintiff was employed by Defendant from approximately March 10, 2016 to April 14, 2016. Plaintiff was a non-exempt employee of Defendant pursuant to the FLSA during that time period.

**B.     Collective Action Members**

6. The putative collective action members are all current and/or former tow truck operators of Defendant who are/were paid on a commission basis, work/worked in excess of 40 hours per workweek in any workweek during the time period relevant to this lawsuit, but are/were not paid time and one-half their respective regular rates of pay for all hours worked

over 40 during each seven day workweek. Because Defendant does not/did not pay all overtime premium compensation to those commissioned tow truck drivers when they work/worked in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

7. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward.

C. **Defendant Recovery Systems, Inc., d/b/a Pro-Tow Wrecker Services**

8. Defendant is a corporation which was incorporated under the laws of the State of Texas.

9. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

10. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

11. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

12. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

13. For example, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, vehicles, fuel, equipment, computers, computer software, office supplies, telecommunication devises and other supplies/materials used in connection with Defendant's business operations.

14.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

15.     Defendant's principal place of business, as listed with the Texas Secretary of State, is 1006 East Main Street, Lewisville, Texas 75057.

16.     Defendant may be served with summons through its registered agent, Mr. George Green at 1006 East Main Street, Lewisville, Texas 75057.

**D.      Jurisdiction and Venue**

17.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

18.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

19.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

20.     Venue is proper in the United States District Court for the Northern District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. As previously identified, Plaintiff primarily worked for Defendant in this District and Defendant conducts substantial business operations in this District that involved Plaintiff.

21.     Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas because, as previously identified, Plaintiff primarily worked for Defendant in Dallas County and Defendant conducted substantial business operations in Dallas County that involved Plaintiff.

### III.    FACTUAL BACKGROUND

22. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

5. Plaintiff was employed by Defendant from approximately March 10, 2016 to April 14, 2016 as a tow truck operator. His primary job duties involved responding to calls relative to motor vehicle towing operations for the Irving Police Department where Plaintiff towed and delivered motor vehicles to the Irving Police Department impound yard located at or near 401 Valley View Lane, Irving, Dallas County, Texas.

6. Defendant paid Plaintiff on a commission basis of approximately 25% of the fee paid relative to each motor vehicle towing project.

23. Plaintiff regularly worked in excess of 40 hours per seven day workweek, but was not paid time and one-half his regular rate of pay for any and all such hours worked over 40.

24. Defendants do not have records showing the exact total hours worked by Plaintiff per day or per workweek while employed by Defendant.

25. During the time period of three years pre-dating the filing of this lawsuit and forward, Defendant employed numerous other tow truck operators who, like Plaintiff, were paid on a commission only basis, regularly worked in excess of 40 hours in a seven day workweek, but were not paid time and one-half for all hours worked over 40 in each and every seven day workweek. MGE had a practice and policy to not pay Plaintiff time and one-half his regular rate of pay any hours worked over 40 in any seven day workweek.

### IV.    CONTROLLING LEGAL RULES

26. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

27.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

28.     "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

29.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a). Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

30.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e)

31.     With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

32. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

33. "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

34. "The Court…shall, in addition to any judgment awarded to the [prevailing] plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

35. The FLSA provides for a two year statute of limitations for violations of the statute. 29 U.S.C. § 255(a). However, that time period may be extended to three years if Defendants' conduct was in willful violation of the law. *Id. See also*, *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).

## V. FLSA CLAIMS

36. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

37. All conditions precedent to this suit, if any, have been fulfilled.

38. At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

39. At all relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

40. Defendant was an employer of Plaintiff pursuant to the FLSA. 29 U.S.C. § 203(e).

41. At times relevant, Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

42. Plaintiff was a non-exempt employee of Defendant pursuant to the FLSA. 29 U.S.C. § 213.

43. Defendant was required to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each relevant seven day workweek. 29 U.S.C. § 207(a)(1).

44. Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

45. At all times relevant, and on information and belief, Defendant has been aware of the overtime wage requirements of the FLSA.

46. Defendant's violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a). For example, at all material times, Defendant was aware that Plaintiff and the putative collective action members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven day workweek.

47. Plaintiff, on behalf of himself and all others similarly situated, seeks all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.   FLSA COLLECTIVE ACTION

48. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

49. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and former tow truck operators who are/were employed by Defendant,

paid on a commission basis, and who are/were not paid all overtime compensation owed for all hours worked over 40 in each and every workweek. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

50. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

51. Plaintiff further reserves the right to amend the definition of the putative class, or sub classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. JURY DEMAND

52. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

53. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a) An order conditionally certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members;

   b) All damages allowed by the FLSA, including back overtime wages;

   c) Liquidated damages in an amount equal to back FLSA wages;

   d) Legal fees;

   e) Costs;

   f) Post-judgment interest;

   g) All other relief to which Plaintiff and/or the Collective Action Members is/are entitled as shown by the facts in this lawsuit.

Dated: July 25, 2016

                                                    Respectfully submitted,

By:    s/ Allen R. Vaught
         Allen R. Vaught
         TX Bar No. 24004966
         Melinda Arbuckle
         TX Bar No. 24080773
         Farsheed Fozouni
         TX Bar No. 24097705
         Baron & Budd, P.C.
         3102 Oak Lawn Avenue, Suite 1100
         Dallas, Texas 75219
         (214) 521-3605 – Telephone
         (214) 520-1181 – Facsimile
         avaught@baronbudd.com
         marbuckl@baronbudd.com
         ffozouni@baronbudd.com

ATTORNEYS FOR PLAINTIFF